UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LOURDES MARTE AND THOMAS SANTOS,

        Plaintiff,

– against –

DOLLAR TREE STORES, INC., FAMILY DOLLAR STORES OF NEW YORK, INC., and FAMILY DOLLAR,

        Defendants.

---

DOLLAR TREE STORES, INC., FAMILY DOLLAR STORES OF NEW YORK, INC., and FAMILY DOLLAR,

        Third-Party Plaintiffs,

– against –

705-711 FRANKLIN REALTY LLC and JAMAICA AUTUMN, LLC,

        Third-Party Defendants.

---

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**

20-cv-00313 (ERK) (VMS)

KORMAN, *J*.:

Plaintiffs Lourdes Marte and Thomas Santos ("plaintiffs") filed this lawsuit against defendants Dollar Tree Stores, Inc., Family Dollar Stores of New York, Inc., and Family Dollar (jointly, "Family Dollar"), to recover damages allegedly caused by a fall Marte suffered while inside a Family Dollar Store located at 888 Jamaica

1

Avenue in Brooklyn, New York (the "Premises"). Marte principally alleges that she slipped on liquid on the floor of the Premises, and that the ceiling above where she fell exhibited signs of water damage.

Family Dollar filed a third-party complaint against third-party defendants 705-711 Franklin Realty LLC ("Franklin Realty") and Jamaica Autumn LLC ("Jamaica Autumn"), alleging that, under the terms of a lease agreement between Family Dollar and Franklin Realty governing the uses of the Premises (the "Lease Agreement"), and applying both tort and contract theories of liability, the third-party defendants are liable for any damages owed to the plaintiffs. *See* ECF No. 9. Jamaica Autumn, which had previously fully assigned the Lease Agreement to Franklin Realty when it sold the property, moved to dismiss the third-party complaint. I construed Jamaica Autumn's motion as one for summary judgment, and granted it, thus removing Jamaica Autumn from this action. *See Marte v. Dollar Tree Stores, Inc.*, 2022 WL 955278 (E.D.N.Y. Mar. 30, 2022).

Franklin Realty now moves for summary judgment, arguing that, as an out-of-possession landlord, and without prior notice of the defect, Franklin Realty cannot be held liable for transient defects that occur on the Premises. Franklin Realty also contends that it has not breached any contractual duty that would give rise to Family Dollar's claims for indemnity and contribution, and that it did not breach the terms

2

of its lease agreement with Family Dollar by failing to purchase insurance for the Premises.

## FACTUAL BACKGROUND[1]

On June 4, 2015, Family Dollar and Jamaica Autumn entered into the Lease Agreement for the Premises. *See* Ex. E (Lease Agreement). Jamaica Autumn sold the Premises to Franklin Realty on June 22, 2016, and assigned the Lease Agreement to Franklin Realty as part of that sale. *See* Ex. F (Assignment of Lease). The Lease Agreement provided that Franklin Realty will "maintain and repair and replace when necessary all exterior portions of the building constituting part of the [] Premises, including the roof, exterior walls, gutters, downspouts, and also all structural portions of the building whether interior or exterior." Ex. E (Lease Agreement) at 11. Pursuant to the same agreement, Family Dollar agreed to "maintain and repair all interior, non-structural portions of the building, except for repairs [that Franklin Realty] is required to make." *Id.*

On January 18, 2017, Family Dollar sent a letter through SMS Assist[2] to Mark Weiss, owner of Franklin Reality, regarding a leak in the roof of the

---

[1] The summary of the facts principally relies on Franklin Realty's 56.1 Statement, Family Dollar's Response to that Statement, and the parties' annexed affidavits and exhibits. *See* ECF Nos. 87-3; 88-13.

[2] Family Dollar sent work orders to SMS Assist to schedule maintenance at the Premises; SMS Assist would then use its affiliate contractors or technicians to complete the work. Kohn Decl. Ex. D at 10:15-11:18.

Premises.³ Ex. M (Terry Tr.) at 51:22-52:4, 52:8-11. On August 10, 2017, Family Dollar sent a second letter to Weiss through SMS Assist about the leak. Ethridge Aff. Ex. B (Letter) (corrected). The letter's subject line noted "TENANT's WORK ORDER – B1451487; **Roof→Major leak.**" *Id.* (emphasis in original). The letter stated:

> This letter serves to notify you of the need for Landlord [*i.e.*, Franklin Realty] to perform certain repair work at the Premises. In accordance with Landlord's obligations under the Lease, Landlord is obligated to repair roof leaks. The store has reported there is a roof leak on the sales floor when it rains. To facilitate the timely completion of these needed repairs, we would appreciate it if you would please contact the undersigned within 24 hours of receipt of this notice to verify receipt and update Tenant on the steps to be taken to address the needed repairs.

*Id.*

On June 29, 2018, Family Dollar sent another letter to Weiss through SMS Assist, stating that there was a "roof leak which currently in need of repair" and that "there is[*sic*] four major leaks causing the ceiling tiles to fall." Kohn Decl. Ex. D (Terry Tr.) at 79:6-80:13. Franklin Realty contends that the January 2017 letter and the June 2018 letter were not received by Mark Weiss, because they were sent to a

---

³ The parties have not submitted as part of the summary judgment record the January 2017 letter or the June 2018 letter (referenced below), but have cited to deposition testimony regarding their contents and the fact that the letters were incorrectly addressed. Family Dollar attached a copy of the August 2017 letter, which does appear to have been correctly addressed to Mark Weiss of Franklin Realty, not Cushman & Wakefield.

different Mark Weiss at the firm Cushman & Wakefield. Third-Party Defs. Mot. for Summ. J. ("Mot."), ECF No. 87-2, ¶¶ 49-51.

On July 25, 2018, plaintiff Marte allegedly slipped and fell inside the Premises ECF No. 87-3 ¶¶ 1-2. At her deposition, plaintiff testified that she slipped in a puddle of water on the floor of the Premises approximately three feet wide and three feet long. Ex. J (Marte Tr.) at 81:19-83:2. Plaintiff also stated that, after she fell, she saw that the ceiling above the puddle appeared to be damaged with "water spots" and "discoloration," but did not see any water falling from the ceiling to the floor. *Id.* at 80:24-81:11. Anthony Burgos, a customer who assisted plaintiff after she fell, testified that he saw liquid falling from the ceiling onto a shelf, and that the liquid was dripping from the shelf to the floor. Kohn Decl. Ex. B. (Burgos Tr.) at 17:8-18:20.

## **LEGAL STANDARD**

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In determining whether there is a genuine dispute as to a material fact, [the court must] resolve all ambiguities and draw all inferences in favor of the non-moving party." *Vincent v. The Money Store*, 736 F.3d 88, 96 (2d Cir. 2013). A genuine dispute of material fact exists "if the evidence is

5

such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## DISCUSSION

### I. Out-of-Possession Landlord

Under New York common law, a landowner "has a duty to maintain his or her premises in a reasonably safe condition, taking into account all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk." *Davidson v. Steel Equities*, 138 A.D.3d 911, 912 (2d Dep't 2016) (internal citations omitted). An out-of-possession landlord, however, can be "held liable for injuries that occur on its premises only if the landlord has retained control over the premises[,] and if the landlord is contractually or statutorily obligated to repair or maintain the premises or has assumed a duty to repair or maintain the premises by virtue of a course of conduct." *Duggan v. Cronos Enters., Inc.*, 133 A.D. 3d 564, 564 (2d Dep't 2015). "Even if a defendant is considered an out-of-possession landlord who assumed the obligation to make repairs to its property, it cannot be held liable for injuries caused by a defective condition on the property unless it either created the condition or had actual or constructive notice of it." *Davidson*, 138 A.D.3d at 912.

Franklin Realty argues that it is an out-of-possession landlord, and therefore cannot be liable for plaintiffs' injury from the leaking roof. Mot. at ¶¶ 35-37.

6

Moreover, Franklin Realty maintains that even if it could be liable because plaintiff's injuries were caused by water leaking from the roof—which Franklin Realty was obligated under the Lease Agreement to repair—Franklin Realty did not have actual or constructive notice from Family Dollar of the leaking roof, and thus Franklin Realty had no liability for such injuries. *Id.* at ¶ 60. The Lease Agreement is clear that Franklin Realty was obligated to "maintain and repair and replace when necessary all exterior portions of the building … *including the roof*." Ex. E (Lease Agreement) at 11 (emphasis added). Franklin Realty was obligated, therefore, to fix the defect on the roof of the Premises that was purportedly causing water to leak into the store. And Franklin Realty has not asserted any facts demonstrating that the Lease Agreement did not require it to fix the roof in the event that it was damaged or defective.

Although at least one witness (Burgos) testified that he saw water dripping from the ceiling on the day of plaintiff's accident, whether the water coming from the ceiling in fact caused plaintiff to fall remains in dispute. *See* Kohn Decl. Ex. B. (Burgos Tr.) at 17:8-18:20. The letter that Family Dollar sent to Weiss in August 2017 stated that "[t]he store has reported there is a roof leak on the sales floor when it rains." Ethridge Aff. Ex. B (Letter) (corrected). But on the day of plaintiff's injury, at least one witness affirmatively testified that it had not been raining that day. *See* Kohn Decl. Ex. B (Burgos Tr.) at 35:2-4. On the other hand, weather data collected

7

by the National Weather Service for July 25, 2018, of which the court can take judicial notice,[4] indicates that there was at least some precipitation in New York City on that day. *See* https://www.weather.gov/. And Burgos also testified that, in addition to seeing water dripping from the ceiling onto the shelves and subsequently the floor, he saw "something else, like something soapy-ish" on the floor near the puddle of water where plaintiff slipped and fell. Kohn Decl. Ex. B (Burgos Tr.) at 8:17-20.

Whether Franklin Realty had actual or constructive notice of the leak is also disputed. *Washington-Fraser v. Indus. Home for the Blind*, cited by Family Dollar, is instructive. *See* 164 A.D.3d 543, 545 (2d Dep't 2018). In that case, the Appellate Division affirmed a grant of summary judgment where the defendant failed to demonstrate "that it was an out-of-possession landlord that did not have a contractual duty under the lease … to repair the alleged defects therein that caused the plaintiff's accident." *Id.*; *see also Davidson*, 138 A.D.3d at 912 ("Here, in support of their motion for summary judgment dismissing the complaint, the defendants failed to demonstrate, *prima facie*, that they were out-of-possession landlords that did not have a contractual duty to remedy the specific dangerous or defective condition alleged here."). And the *Washington-Fraser* defendant also failed to demonstrate that

---

[4] A court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also United States v. Daniels*, 566 F. Supp. 3d 191, 197 (E.D.N.Y. 2021) (taking judicial notice of National Weather Service data).

"it did not have actual or constructive notice" of the allegedly defective or dangerous conditions. *Washington-Fraser*, 164 A.D.3d at 545.

Weiss testified that he does not recall receiving a letter at any time informing him of a problem about a leak of the roof at the Premises. Ex. N (Weiss Tr.) at 113:8-12. But even if Weiss did not receive the January 2017 and June 2018 letters because they were misaddressed, it remains a disputed material fact whether he received the letter dated August 2017 informing him of the roof leak. This letter appears to have been correctly addressed to Weiss at Franklin Realty, unlike the letters addressed to Mark Weiss of Cushman & Wakefield.[5] *See* Ethridge Aff. Ex. B (Letter) (corrected). Whether Franklin Realty had actual or constructive notice of the leak, therefore, remains a disputed material fact that cannot be resolved on summary judgment. *See Davidson*, 138 A.D.3d at 912 (affirming denial of summary judgment where, "contrary to the defendants' contention, they failed to demonstrate, prima facie, that they did not have notice of the alleged dangerous or defective condition"); *see also Quituizaca v. Tucchiarone*, 115 A.D.3d 924, 925-26 (2d Dep't 2014) (reversing grant of summary judgment where "the defendants failed to establish as a matter of law that they did not have a duty imposed by contract to remedy the specific dangerous

---

[5] The August 2017 letter was addressed to 705-711 Franklin Realty LLC, c/o Bay Realty Co, Attn: Mark Weiss, PO Box 350125, Bay Station Brooklyn NY 11235. *See* Ethridge Aff Ex. B (Letter) (corrected). Weiss testified that he received his business mail at this P.O. box. *See* Kohn Decl. Ex. C (Weiss Tr.) at 27:9-18.

9

or defective condition alleged here"); *Lee v. Second Ave. Vil. Partners, LLC*, 100 A.D.3d 601, 601-602 (2d Dep't 2012) (reversing grant of summary judgment where defendants "failed to establish, *prima facie*, that they were not contractually obligated to maintain the subject staircase or repair the defect therein that allegedly caused the injured plaintiff's accident"); *Lalicata v. 39-15 Skillman Realty Co., LLC*, 63 A.D.3d 889, 889-90 (2d Dep't 2009) (similar).

## II.     Indemnification and Contribution

Under New York law, "[a] cause of action for common-law indemnification can be sustained only if: (1) the party seeking indemnity and the party from whom indemnity is sought have breached a duty to a third person, and (2) some duty to indemnify exists between them." *Ins. Co. of State of Pennsylvania v. HSBC Bank USA*, 37 A.D.3d 251, 258-59 (1st Dep't 2007) *rev'd on other grounds* 10 N.Y.3d 32 (2008). Similarly, "[t]o sustain a third-party cause of action for contribution, a third-party plaintiff is required to show that … a duty was owed to the plaintiffs as injured parties and that a breach of that duty contributed to the alleged injuries." *Eisman v. Vill. of E. Hills*, 149 A.D.3d 806, 808-09 (2d Dep't 2017) (citation and quotation marks omitted). "The critical requirement … is that the breach of duty by the contributing party must have had a part in causing or augmenting the injury for which contribution is sought." *Nassau Roofing & Sheet Metal Co. v. Facilities Dev. Corp.*, 71 N.Y.2d 599, 603 (1988). A breach of a contractual duty may give rise to a

10

cause of action for either indemnification or contribution. *See Rosado v. Proctor & Schwartz, Inc.*, 66 N.Y.2d 21, 24 (1985) (internal citations and quotation marks omitted).[6]

Franklin Realty argues that Family Dollar has not alleged facts showing that Franklin Realty breached the Lease Agreement, and that Franklin Realty therefore is not in breach of any duty that it owed to Family Dollar. Defs. Mem. at ¶ 67. As discussed above, however, disputed issues of material fact exist as to whether Franklin Realty breached the terms of the Lease Agreement by failing to repair the roof or ceiling of the Premises, despite potentially having actual notice of the defect, and whether plaintiff's injury was in fact caused by the defect. Franklin Realty's motion for summary judgment is therefore denied as to Family Dollar's second, third, and fourth causes of action.

### III. Breach of Contract for Failure to Obtain Insurance

Family Dollar alleges in its third-party complaint that the Lease Agreement provides that Franklin Realty shall "keep in force a comprehensive liability policy of insurance in the name of and for the benefit of [Family Dollar], insuring [Family Dollar] against any liability for injury to persons and/or property occurring in, on or

---

[6] "Contribution arises automatically when certain factors are present and does not require any kind of agreement between or among the wrongdoers. Indemnity, on the other hand, arises out of a contract which may be express or may be implied in law to prevent a result which is regarded as unjust or unsatisfactory." *Rosado*, 66 N.Y.2d at 24 (internal citations and quotation marks omitted).

11

about the [P]remises." ECF No. 9 ¶ 42. Family Dollar's fifth cause of action claims that Franklin Realty breached the agreement by failing to "procure a policy of comprehensive liability insurance naming [Family Dollar] as an additional insured." *Id*. ¶ 43. Franklin Realty moves for summary judgment on this cause of action, arguing that it had in fact "procured insurance for the [P]remises." *See* Mot. at ¶ 78; Ex. O (Policy Declarations).

The Lease Agreement provides that: "Landlord will obtain and keep in force a commercial property insurance policy covering the [] Premises for their full replacement cost against loss or damage by perils covered by 'Causes of Loss — Special Form' Insurance … or its equivalent." Ex. E (Lease Agreement) at 9. Contrary to Family Dollar's allegations, Franklin Realty states that it did procure insurance for the Premises, and attached to its motion for summary judgment the policy declarations for an insurance policy issued to Franklin Realty by KBIC Insurance. *See* Ex. O (Policy Declarations). This policy covers, *inter alia*, "commercial property coverage" and "commercial general liability," with a policy period of August 8, 2017 through August 8, 2018. Ex. O (Policy Declarations) at 1.

Family Dollar does not argue that the policy as reflected in the declarations produced by Franklin Realty is insufficient to satisfy the terms of the Lease Agreement. Nor does Family Dollar point to any facts that would call into question whether that policy covers the slip-and-fall accident that occurred at the Premises on

12

July 25, 2018. Instead, Family Dollar asserts that Franklin Realty "failed to show to present[*sic*] evident[*sic*] in admissible form that it purchased insured[*sic*]," and argues that Franklin Realty's "3 declaration page[*sic*] to an attorney memorandum of law … is insufficient to create a *prima facie* entitlement to summary judgment." Opp. at 12-13. Family Dollar's objection is technically correct. Franklin Realty has not submitted an authenticated copy of the policy declaration pages. And neither party has provided factual background regarding the status of this insurance policy—disputed or otherwise—in their respective 56.1 Statements.

Franklin Realty is granted leave to file a properly authenticated copy of the policy declaration pages annexed to an affidavit from Franklin Realty or its attorneys, to be filed by February 28, 2023. If such an affidavit is provided, summary judgment will be granted to Franklin Realty on Count 5.

## CONCLUSION

Franklin Realty's motion for summary judgment on Family Dollar's first, second, third, and fourth causes of action is DENIED. Franklin Realty's motion for summary judgment on Family Dollar's fifth cause of action is DEFERRED pending Franklin Realty's submission of properly authenticated insurance policy declaration pages.

**SO ORDERED.**

Brooklyn, New York
February 17, 2023

*Edward R. Korman*
Edward R. Korman
United States District Judge